1  KEVIN A. DARBY, ESQ. (NV SB#7670)
   TRICIA M. DARBY, ESQ. (NV SB#7956)
2  DARBY LAW PRACTICE, LTD.
3  4777 Caughlin Parkway
   Reno, Nevada 89519
4  Telephone: (775) 322-1237
   Facsimile: (775) 996-7290
5  E-mail: kad@darbylawpractice.com
6          tricia@darbylawpractice.com

7  Attorneys for Debtor

8

9              UNITED STATES BANKRUPTCY COURT
                    DISTRICT OF NEVADA
10

11 In re:                          CASE NO.:     BK-N-17-50081-BTB
                                    Chapter 13
12 PATRICIA G. OLSON,

13          Debtor.                 **MOTION TO SELL ASSETS FREE AND
                                    CLEAR OF LIENS PURSUANT TO 11 U.S.C.
14                                  §363**

15                                  Hearing Date:
                                    Hearing Time:
16 _____/

17        Debtor, Patricia G. Olson, through her counsel of record, Tricia M. Darby, Esq., moves this court

18 for the entry of an order approving the sale of **949 Bal Bijou Road, South Lake Tahoe, CA 96150**

19 ("949 Bal Bijou Road") and **3443 Lake Tahoe Blvd., South Lake Tahoe, CA. 96150** ("3443 Lake

20 Tahoe Blvd.") to Mr. Robert J. Hassett for a total purchase price of **$3,000,000.00**, subject to overbid at

21 the hearing on this motion, and for waiver of the 14-day stay on any order granting this motion (the

22 "Motion").  This Motion is made pursuant to 11 U.S.C. §363 and Fed. R. Bankr. P. 2002(a)(2) and

23 6004 and is supported by the declaration of Patricia G. Olson (the "Olson Declaration") and the

24 following points and authorities.  A proposed order approving the sale is attached hereto as Exhibit 1.

25 ///

26 ///

27 ///

28

1

**POINTS AND AUTHORITIES**

2
**I.    Summary of Proposed Sale**

3      1.    This Motion seeks an order approving the sale of 949 Bal Bijou Road and 3443 Lake

4  Tahoe Blvd (collectively the "Subject Properties") to **ROBERT J. HASSETT** ("Mr. Hassett")

5  pursuant to the terms of the Purchase Agreements attached to the Olson Declaration as Exhibits 1 and 2

6  (the "Purchase Agreements") for cash in the total combined amount of **$3,000,000.00**, or to any

7  qualifying higher bidder at the hearing on this Motion.

8      2.    The proposed sale is to be free and clear of all liens, claims and encumbrances, with the

9  exception of certain tenant leases.  Specifically, the sale shall be subject to all tenant leases, except the

10  lease with Mr. Cody Bass.  The sale shall be expressly free and clear of Mr. Bass's lease agreement and

11  any and all other interests in the Subject Properties claimed by Mr. Bass.

12      3.    Any party interested in bidding on the purchase of the Subject Properties must pre-qualify

13  for bidding by providing proof of available funds sufficient to complete the purchase of the Subject

14  Property.  In order to be a qualified bidder, **proof of funds shall be provided to Counsel for the**

15  **Debtor by no later than 5-days before the hearing on this Motion**.

16
**II.    Procedural Background.**

17      4.    On January 30, 2017, Debtor filed a voluntary petition under Chapter 13 of the

18  Bankruptcy Code (the "Petition Date").  Debtor owns and operates the Subject Properties.

19
**III.    Jurisdiction and Venue.**

20      5.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134.  This

21  is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  The basis for the relief sought

22  herein is Section 363 of the Bankruptcy Code, Bankruptcy Rule 6004.  Venue of the Debtor's Chapter

23  13 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

24
**IV.    Factual Background.**

25      6.    The Debtor owns the Subject Properties, which have an approximate value between

26  $3,000,000.00 and $3,500,000.00.

27      7.    The Subject Properties consist of two separate, but adjacent/connected parcels.

28      8.    3443 Lake Tahoe Blvd is 17,545 sq/ft shopping center known as the Bijou Center.  3443

1    Lake Tahoe Blvd is encumbered by a deed of trust securing the claim of US Bank in the total amount of

2    approximately $765,000.00.

3        9.    949 Bal Bijou Road is a 3,825 sq/ft single family home, which is used for commercial and

4    residential purposes.  949 Bal Bijou Road is encumbered by a deed of trust securing: and the claim of

5    Wells Fargo in the amount of $85,000.00; the claim of the Kurtzman Family Trust in the total amount

6    of approximately $45,000.00; and the secured claim of Robert Hassett in the amount of $50,000.00.

7        10.    Debtor owes real property taxes to the Eldorado County Treasurer in the amount of

8    approximately $53,273.11, which are related to the Subject Properties.

9        11.    In addition, both 3443 Lake Tahoe Blvd and 949 Bal Bijou Road are encumbered by a

10    Federal Income Tax lien in favor of the IRS in the amount of $41,485.96.  Debtor also owes the IRS an

11    unsecured priority claim in the amount of $22,803.98.

12        12.    Debtor owes unsecured claims totaling approximately $83,763.12, which consist of:

| | |
|---|---|
| IRS - Priority Claim (POC 4-1) | $22,803.98 |
| Mariott Hospitality Corp. (POC 2-1) | $2,171.60 |
| Michael Millward (POC 6-1) | $15,571.54 |
| CBE Group | $757.00 |
| Chase Card | $27,652.00 |
| Chase Card | $14,711.00 |
| Credit Collections | $96.00 |
| Franklin Collection Service | $129.72 |
| Renown | $1,010.55 |
| Rowe Hales Yturbide, LLP | $1,920 |
| US Bank | $75,462.66 |
| Weltman, Weinbert & Reis | $32,974.86 |

13        13.    Debtor projects administrative expenses, consisting of attorney's fees and costs, in this

14    case totaling between $25,000.00 and $30,000.00.

15        14.    On November 23, 2016, Debtor entered into a purchase agreement with Robert J. Hassett

16    to sell Mr. Hassett 949 Bal Bijou Road for a purchase price of $650,000.00, with escrow to close within

17    60-days of entry of this Court's order approving the sale.  A copy of the 949 Bal Bijou Road purchase

18    agreement is attached to the Declaration of Patricia G. Olson as Exhibit 1.  The sale of 3443 Lake

19    Tahoe Blvd to Mr. Hassett is subject to the following conditions:

20        a.    The marijuana dispensary tenant (Cody Bass) operating in the Bijou Center shall have

his lease rejected or terminated by order of this Court, and the Seller will have commenced eviction proceedings; and

  b. The purchase agreement for the Bijou Center with Cody Bass be rejected, terminated or voided by order of this Court.

15. On March 8, 2017, Robert J. Hassett submitted to Debtor a written purchase offer of $2,350,000.00 for 3443 Lake Tahoe Blvd. A copy of the 3343 Lake Tahoe Blvd purchase agreement is attached to the Olson Declaration as Exhibit 2. The sale of 3343 Lake Tahoe Blvd to Mr. Hasset is subject to the following conditions:

  a. The marijuana dispensary tenant (Cody Bass) operating in the Bijou Center shall have his lease rejected or terminated by order of this Court, and the Seller will have commenced eviction proceedings;

  b. The purchase agreement for the Bijou center with Cody Bass be rejected, terminated or voided by order of this Court; and

  c. Buyer may terminate agreement within 30-days if estimated repair costs on the Bijou Center exceed $400,000.

16. Debtor has accepted Mr. Hassett's offers and seeks approval to sell the Subject Properties to Mr. Hassett, subject to overbid at the hearing on this Motion.

17. Debtor propose that the $3,000,000 in sales proceeds to be disbursed as follows:

| | |
|---|---|
| Estimated Balance of US Bank Lien: | $ 765,000 |
| Estimated Balance of Wells Fargo Lien: | $ 85,000 |
| Estimated Balance of Kurtzman Lien: | $ 45,000 |
| Estimated Balance of Hassett Lien: | $ 50,000 |
| Estimated Balance of IRS Lien: | $ 43,000 |
| Estimated Balance of Property Taxes: | $ 55,000 |
| Estimated Payment to Chapter 13 Trustee:[1] | $ 126,500 |
| Estimated Costs of Sale (at 5%): | $ 15,000 |
| Total Disbursements from Escrow: | *$1,169,500* |
| ***Estimated Net Proceeds to Debtor:*** | **$1,830,500** |

---

[1] The amount paid to the Chapter 13 trustee will pay the following claims in full: (1) all unsecured claims in allowed bankruptcy case estimated at $85,000; (2) allowed attorneys fees and costs in the bankruptcy case estimated at $30,000; and (3) Chapter 13 trustee's fees estimated at $12,500.

**II.     Legal Authority and Argument.**

18.    Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Courts have uniformly held that approval of a proposed sale of a debtor's assets outside the ordinary course of business and prior to the confirmation of a plan of reorganization is appropriate if a court finds that sound business reasons justify the transaction.  See In re Lionel Corp., 722 F.2d 1063-1069-71 (2d Cir. 1983); In re Walter, 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988); see also Fulton State Bank v. Schipper, 933 F.2d 513, 515 (7th Cir. 1991) (stating "[u]nder Section 363, the debtor in possession can sell property of the estate outside the ordinary course of business if he has an articulated business justification."); Stephens Indus. Inc. v. McClung, 789 F.2d 386, 389-90 (6th Cir. 1986) (stating "a bankruptcy court can authorize a sale of all a debtor's assets under §363(b)(1) when a sound business purpose dictates such action"); In re Phoenix Steel Corp., 82 B.R. 334, 335-36 (Bankr. D. Del. 1987) (finding elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith").

19.    Once the Debtor articulates a valid business justification, a presumption arises that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company."   In re. Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992).  The Debtor's business judgment "should be approved by the court unless it is shown to be so manifestly unreasonable that it could not be based upon sound business judgment, but only on bad faith, or whim or caprice." In re Aeravox, Inc., 269 B.R. 74, 80 (Bankr. D. Mass. 2001).

20.    Here, the Debtor seeks to sell the Subject Properties for $3,000,000.  Based upon Debtor's prior marketing, this purchase price is consistent with the estimated fair market value of the assets being sold.  The proposed sale to Mr. Hassett will maximize the value of the Debtor's assets and pay all creditors in this case in full, including administrative, secured, priority unsecured and general unsecured claims.  Debtor seeks approval of this sale in good faith and is only party with a real interest in any sale price in excess of the estimated $1,200,000 in claim in this case.  Based upon the foregoing,

the Debtor believes the sale of the Subject Properties is fair, equitable and a sound business decision. Debtor further believes the sale is in the best interests of the creditors and the estate and that the estate would be prejudiced if the Debtor does not sell the Subject Properties to Mr. Hassett.

21.   The Debtor proposes to sell the Subject Properties free and clear of all liens, claims, and encumbrances pursuant to Section 363(f).   This sale qualifies for the protection of Section 363(f) because the all properly recorded liens against the Subject Properties will be paid in full out of the proceeds of the proposed sale.   The Debtor also specifically seeks to sell the Subject Properties free and clear of any claim of Cody Bass.   No other party has an enforceable secured claim against the Subject Properties under 11 U.S.C. §506.

22.   Section 363(m) provides protection to Mr. Hassett and the Subject Properties from a later appeal seeking to unwind the sale.   The certainty of the sale of clear title is essential to Mr. Hassett.

23.   The sale qualifies for the Section 363(m) protections, as per the Ninth Circuit Bankruptcy Appellate Panel standards set forth in In re PW, LLC, 391 B.R. 25, at 35-37 (B.A.P. 9th Cir. 2008).   Mr. Hassett is a good faith purchaser with respect to the Subject Properties, as that term is used in section 363(m) of the Bankruptcy Code.   The sale to Mr. Hassett was negotiated, proposed and entered into by the parties in good faith, from arm's length bargaining positions and without collusion, and Mr. Hassett therefore is entitled to the protections of section 363(m) of the Bankruptcy Code with respect to the Subject Properties. Neither Debtor, nor Mr. Hasset, have engaged in any conduct that would cause or permit the sale to be voided under section 363(n) of the Bankruptcy Code.

24.   A valid business purpose exists for approval of the transactions contemplated by the Motion pursuant to sections 105, 363(b), (f), and (m) of the Bankruptcy Code. With Court approval, the Debtor may sell, transfer and assign its assets free and clear of all liens, claims, interests and/or encumbrances in accordance with sections 105 and 363 of the Bankruptcy Code.   As a condition to purchasing the Subject Properties, Mr. Hassett requires that (a) the Subject Properties be sold free and clear of all liens, claims, encumbrances, options, rights of first refusal and other interests; and (b) the Mr. Hassett shall have no liability whatsoever for any obligations of or claims (including without limitation as defined in section 101(5) of the Bankruptcy Code) against Mr. Hassett.

///

1

**V.      CONCLUSION**

2

      25.    Based on the foregoing, the Debtor respectfully requests this Court approve the sale of the

3

Subject Properties to Mr. Hassett, according to the terms of the Purchase Agreements attached to the

4

Declaration of Patricia G. Olson as Exhibits 1 and 2.  This Court should further approve sale as being

5

free and clear of all liens, claims or encumbrances, including any and all such interest asserted by Cody

6

Bass, but subject to all tenant leases (except the lease with Mr. Bass).  Debtor further requests this

7

Court waive the 14-day stay on or before the order granting this Motion under Fed. R. Bankr. P.

8

6004(h).

9

      DATED this 5th day of April, 2017.

10

                           DARBY LAW PRACTICE, LTD.

11

                                  */s/ Tricia M. Darby*

12

                  By:_____

13

                     TRICIA M. DARBY, ESQ.
                     4777 Caughlin Parkway

14

                     Reno, Nevada 89519
                     Attorney for Debtor

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **Exhibit 1**
     **PROPOSED ORDER**
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27    **EXHIBIT 1**
      **PROPOSED ORDER**
28

1

2

3

4

5

6

7    KEVIN A. DARBY, ESQ. NV SB#7670
     TRICIA M. DARBY, ESQ. NV SB#7956
8    DARBY LAW PRACTICE, LTD.
9    4777 Caughlin Parkway
     Reno, Nevada 89519
10   Telephone: (775) 322-1237
     Facsimile: (775) 996-7290
11   E-mail: kad@darbylawpractice.com

12   Attorney for Debtor

13
                    **UNITED STATES BANKRUPTCY COURT**
14                       **DISTRICT OF NEVADA**

15   In re:                              CASE NO.:     BK-N-17-50081-BTB
16                                       Chapter 13
     PATRICIA G. OLSON,
17                                       **ORDER GRANTING MOTION TO SELL**
18                                       **ASSETS FREE AND CLEAR OF LIENS**
                 Debtor.                 **PURSUANT TO 11 U.S.C. §363**
19
20                                       Hearing Date:
     _____/         Hearing Time:
21

22          Upon the *Motion To Sell Assets Free and Clear of Liens Pursuant To 11 U.S.C. §363*, filed March

23   30, 2017 (the "Motion") by Debtor Patricia G. Olson (the "Debtor"), in which Debtor seeks an order

24   under 11 U.S.C. §363 and Fed. R. Bankr. P. 2002, 6004 and 9014 approving the sale of certain of the

25   Debtor's assets free and clear of liens, claims, and encumbrances to Robert J. Hassett ("Mr. Hassett");

26   and the Motion having come before this Court on a duly noticed hearing, and having considered all

27   objections and arguments for and against the Motion, and good cause appearing; and finding:

28          1.      Debtor's Motion seeks an order approving the sale of certain assets owned by the Debtor

to Mr. Hassett, pursuant to the terms of the Purchase Agreements attached to the Declaration of Patricia G. Olson as Exhibits 1 and 2, free and clear of all liens, claims and encumbrances, for cash in the amount of **$3,000,000.00,** to be paid within sixty (60) days from date of the entry of this order.  The assets being sold to Mr. Hassett are identified in detail in the Purchase Agreement and include **949 Bal Bijou Road, South Lake Tahoe, CA 96150** ("949 Bal Bijou Road") and **3443 Lake Tahoe Blvd., South Lake Tahoe, CA. 96150** ("3443 Lake Tahoe Blvd.").

2.      Mr. Hassett is not an insider of the Debtor or otherwise related or affiliated with the Debtor in any way.

3.      Mr. Hassett is acquiring the Subject Properties "as is", without warranties or representations, except as provided in the Purchase Agreement.

4.       The sale of Subject Properties to Mr. Hassett  is free and clear of any lien, claim or encumbrance pursuant to 11 U.S.C. §363(f).

5.      A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities.

6.      The Debtor is the sole and lawful owner of Subject Properties to be sold to Mr. Hassett.

7.       No qualifying or competing bids were submitted.

8.      The offer of Mr. Hassett to purchase the Subject Properties is the highest and best offer received by the Debtor.  The purchase price to be paid by Mr. Hassett is fair and reasonable market value for the Subject Properties.

9.      Mr. Hassett is a good faith purchaser with respect to Subject Properties, within the meaning of section 363(m) of the Bankruptcy Code. The sale to Mr. Hassett was negotiated, proposed and entered into by the parties in good faith, from arm's length bargaining positions and without collusion, and Mr. Hassett therefore is entitled to the protections of section 363(m) of the Bankruptcy Code with respect to the assets. Neither the Debtor nor Mr. Hassett have engaged in any conduct that would cause or permit the sale to be voided under Section 363(n) of the Bankruptcy Code.

10.      Mr. Hassett shall not assume or become liable for any pre-petition liens, claims, interests and/or encumbrances relating to Subject Properties by the Debtor.  Any valid and enforceable liens, claims, interests and/or encumbrances shall attach to the proceeds of the sale with the same priority,

validity, and enforceability as they had immediately before the closing of the sale.

11.      The Debtor has articulated sound business reasons for selling the Subject Properties as set forth in the Motion, and it is a reasonable exercise of the Debtor's business judgment to execute, deliver and consummate the sale with Mr. Hassett and consummate the transactions contemplated by the Motion and as set forth in this Order.

12.      The terms and conditions of the sale, including the total consideration to be realized by the Debtor, are fair and reasonable, and the transactions contemplated by the Motion, as approved by this Order, are in the best interests of the Debtor, its creditors and the estate.

13.      A valid business purpose exists for approval of the transactions contemplated by the Motion pursuant to sections 105, 363(b), (f), and (m) of the Bankruptcy Code. The Debtor may sell, transfer and assign Subject Properties free and clear of all liens, claims, interests and/or encumbrances in accordance with sections 105 and 363 of the Bankruptcy Code.  The transfer of the Subject Properties to Mr. Hassett is expressly and specifically free and clear of any lien, claim, interest or encumbrance asserted by Cody Bass or any of his affiliates or affiliated entities.

14.      The transfer of Subject Properties to Mr. Hassett is or will be a legal, valid and effective transfer of Subject Properties, and will vest Mr. Hassett with all right, title and interest in and to Subject Properties, free and clear of all liens, claims, interests and/or encumbrances.

15.      The requirements of sections 363(b) and 363(f) of the Bankruptcy Code and any other applicable law relating to the sale of Subject Properties have been satisfied.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

**A. SALE OF ASSETS APPROVED; TRANSACTIONS AUTHORIZED.**

16.      The Motion is GRANTED.

17.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits and denied.

18.      The Motion, the underlying purchase agreements and the transactions contemplated thereby are approved pursuant to Section 363(b) and (f) as modified by this Order, and the Debtor is hereby authorized and empowered to perform their obligations under the Purchase Agreement and to

act as necessary to effectuate the sale without further corporate authorization or Order of this Court.

**B. TRANSFER OF THE ASSETS TO MR. HASSETT.**

19.    The transfer of Subject Properties to Mr. Hassett constitutes a legal, valid and effective transfer and shall vest Mr. Hassett with all right, title and interest of the Debtor in and to Subject Properties free and clear of all claims, liens and encumbrances.

20.    The following claims shall be paid directly out of escrow from the proceeds of sale:

| | |
|---|---:|
| Estimated Payoff of US Bank Lien: | $ 765,000 |
| Estimated Payoff of Wells Fargo Lien: | $  85,000 |
| Estimated Payoff of Kurtzman Lien: | $  45,000 |
| Estimated Payoff of Hassett Lien: | $  50,000 |
| Estimated Payoff of IRS Lien: | $  43,000 |
| Estimated Payoff of Property Taxes: | $  55,000 |
| Payment to Chapter 13 Trustee William Van Meter: | $ 126,500 |
| Estimated Costs of Sale (at 5%): | $  15,000 |
| Estimated Total Disbursements from Escrow: | *$1,169,500* |

21.    All remaining sales proceeds, estimated to total $1,830,500, shall be paid directly from the proceeds of sale to Patricia G. Olson.

22.    This Order shall be binding upon, and shall inure to the benefit of, the Debtor and Mr. Hassett and their respective successors and assigns, including, without limitation, any trustee appointed in a chapter 7 case if the Debtor's case is converted from chapter 13.

23.    The provisions of this Order authorizing the sale of Subject Properties free and clear of liens, claims and encumbrances (with such liens, claims and encumbrances to attach to the proceeds of the sale of the Assets as provided in this Order) shall be self-executing, and neither the Debtor, Mr. Hassett nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale; provided, however, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under this Order. Without in any way limiting the foregoing, Mr. Hassett is empowered to execute and file releases, termination statements, assignments, consents, cancellations or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale.

///

///

## C. GOOD FAITH PURCHASE.

23.    The purchase of Subject Properties by Mr. Hassett is a purchase in good faith for fair value within the meaning of section 363(m) of the Bankruptcy Code, and Mr. Hassett is entitled to all of the protections afforded good faith purchasers by section 363(m) of the Bankruptcy Code.

24.    The sale approved by this Order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

25.    The sale approved by this order shall be free and clear of all liens, claims and encumbrances, with the exception of certain tenant leases.  Specifically, the sale shall be subject to all tenant leases, except the lease with Mr. Cody Bass.  The sale shall be expressly free and clear of Mr. Bass's lease agreement and any and all other interests in the Subject Properties asserted by Mr. Bass.

26.    Following the closing date, except for persons entitled to enforce assumed liabilities and permitted liens, all persons (including, but not limited to, the Debtor and/or their respective successors (including any trustee), creditors, investors, current and former employees and shareholders, administrative agencies, governmental units, secretaries of state, federal, state, and local officials, including those maintaining any authority relating to any environmental, health and safety laws, and the successors and assigns of each of the foregoing) holding interests in the Subject Properties or against the Debtor in respect of Subject Properties of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing any Interests of any kind or nature whatsoever against Mr. Hassett or any affiliate of Mr. Hassett or any of their respective property successors and assigns, or Subject Properties, as an alleged successor or on any other grounds, it being understood that nothing herein shall affect assets of the Debtor that are not Subject Properties.

27.    No Person shall assert, and Mr. Hassett and Subject Properties shall not be subject to, any defaults, breaches, counterclaims, offsets, defenses (whether contractual or otherwise, including, without limitation, any right of recoupment), liabilities, claims and interests, or basis of any kind or nature whatsoever to delay, defer, or impair any right of Mr. Hassett or the Debtor, or any obligation of any other party, under or with respect to, Subject Properties, with respect to any act or omission that

occurred prior to the closing or with respect to any other agreement or any obligation of Debtor that is not an expressly assumed liability.

28.     Following the closing of the sale to Mr. Hassett, no holder of any Interest shall interfere with Mr. Hassett's title to, or use and enjoyment of, Subject Properties based on, or related to, any such interest, or based on any actions the Debtor may take in her Chapter 13 Case.

**D.  ADDITIONAL DECREES.**

29.     The recitals and findings of facts set forth above are hereby incorporated as a part of this Order.

30.     As provided by Fed. R. Bankr. P. 6004(h), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon entry. Notwithstanding Bankruptcy Rules 6004(h), the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

31.     The provisions of this Order are nonseverable and mutually dependent.

32.     Nothing contained in any plan confirmed in this case or the order of confirmation confirming any such plan shall conflict with or derogate from the terms of this Order.

33.     This Order shall be binding upon and inure to the benefit of the Debtor, Mr. Hassett and each of their respective former, present, and future assigns, predecessors, successors, affiliates, parent companies, subsidiaries, controlled companies, employees, officers, directors, shareholders, principals, members or agents, whether a signatory hereto or not, including, but not limited to, any subsequently appointed trustee (including without limitation a chapter 7 trustee).

34.     This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Motion and to resolve any dispute concerning this Order, the Motion, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Motion and this Order, including, but not limited to, interpretation of the terms, conditions and provisions thereof, and the status, nature and extent of the Assets, and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the Subject Properties free and clear of all liens, encumbrances, security interests and claims of any kinds and nature whatsoever.

35.     The division of this Order into sections or other subdivisions and the insertion of headings

are for convenience of reference only and shall not affect or be utilized in construing or interpreting this Order.

36.    Entry of this Order is in the best interests of the Debtor, the Debtor's estate, its creditors, and other parties in interest.

IT IS SO ORDERED.

SUBMITTED BY :

DARBY LAW PRACTICE, LTD.

*/s/ Tricia M. Darby*

By:_____
     TRICIA M. DARBY, ESQ.
     4777 Caughlin Parkway
     Reno, Nevada 89519
     Attorney for Debtor

# # #